UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MYR EQUIPMENT, LLC, <br>     *Plaintiff*, <br> <br>     *vs.* <br> <br> PLANT SITE LOGISTICS, INC., AM TRANS, INC. <br> and FULL THROTTLE TRANSPORT, LLC, <br>     *Defendants*. | 1:17-cv-00463-JMS-MPB |

**ORDER**

On April 7, 2017, the parties filed a Second Amended Joint Statement Regarding Jurisdiction in response to the Court's March 31, 2017 Order. [Filing No. 17; Filing No. 21.] Despite the Court's clear instruction to properly address the citizenship of Plaintiff Myr Equipment, LLC ("Myr"), [Filing No. 17 at 1], the parties have failed to provide the necessary information to determine Myr's citizenship. Accordingly, the Court cannot determine whether it has diversity jurisdiction over this matter.

Specifically, the parties must provide "the citizenship of all the limited partners, as well as of the general partner" of Myr. *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. Asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient. *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship"). The parties have stated only that Myr is "a Delaware limited liability company doing business in…Indiana, and has its principal place of business

in Indiana." [Filing No. 21 at 1.] Instead, the parties must provide the identity and citizenship of each of Myr's partners or members, as it has done for Defendant Full Throttle Transport, LLC. [Filing No. 21 at 1-2.]

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Accordingly, in order for the Court to determine whether it has diversity jurisdiction over this matter, the parties are **ORDERED** to conduct whatever investigation is necessary and file a Third Amended Joint Jurisdictional Statement by **April 21, 2017** properly setting forth Myr's citizenship. If agreement cannot be reached on the contents of a joint jurisdictional statement, competing statements must be filed by that date. The Court notes that this is the fourth jurisdictional order it has entered in this matter, and cautions the parties that the litigation will not move forward until this issue is resolved.

Date: April 11, 2017

*signature*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**