UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MYR EQUIPMENT, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-00463-JPH-DLP ) |
| PLANT SITE LOGISTICS, INC., | ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON MOTIONS IN LIMINE**

MYR Equipment's breach of contract claim against Plant Site Logistics stems from an accident in which a crane leased to MYR was severely damaged. Default judgments have been entered against Full Throttle, the company hired as the carrier to transport the crane, and AM Trans, the freight broker that hired Full Throttle. The primary disputed issue for trial is whether Plant Site breached its contract with MYR by not verifying Full Throttle's insurance. Plant Site has filed twelve motions in limine, dkt. 125, and an objection to the expert report that MYR has designated as a trial exhibit, dkt. 134. The motions are **GRANTED in part** and **DENIED in part** in accordance with this order. Dkt. [125]; dkt. [134].

## I. Applicable Law

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues."

1

*United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). Still, orders in limine are preliminary and "subject to change when the case unfolds" because actual testimony may differ from a pretrial proffer. *Luce v. United States*, 469 U.S. 38, 41 (1984). A trial judge does not bind himself by ruling on a motion in limine and "may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## II. ANALYSIS

### A. Plant Site's Motions in Limine

Plant Site has filed 12 motions in limine, dkt. 125, but MYR contested only two of them, *see* dkt. 136 (contesting MIL #5 (crash report) and #12 (expert testimony)). To the extent a ruling is needed on the crash report,[1] the motion is **granted in part**. The report is a public record admissible as an exception to the rule against hearsay. Fed. R. Evid. 803(8). It may have to be redacted, however, because statements of third parties contained in a public record are subject to the rule against hearsay. *See Jordan v. Binns*, 712 F.3d 1123, 1133–34 (7th Cir. 2013) ("[T]hird-party statements contained in a police report do not become admissible for their truth by virtue of their presence in a public record and instead must have an independent basis for admissibility.").

Plant Site's motion in limine (#12) seeks to exclude the testimony of Fred Ross, who MYR has designated as an expert witness. Mr. Ross would testify:

---

[1] Motion in limine # 5 (crash report) may become moot depending on the scope of the stipulation reached by the parties regarding the accident that damaged the crane.

2

- he has thirty-five years of experience in the sale and disposal of commercial trucks and equipment;
- the crane had a value of approximately $615,000 before the accident and a value of approximately $38,000 after the accident;
- in the past year, he has "been involved in the evaluation and settlement of three damaged truck mounted E160 aerial devices" similar to the piece of equipment damaged in this case.

Dkt. 134-2 and 3.

Plant Site argues that Mr. Ross's testimony should be excluded because: (1) his opinions are irrelevant and unnecessary; (2) his written report does not comply with Federal Rule of Civil Procedure 26(a)(2); and (3) Mr. Ross is not an independent and disinterested witness. Dkt. 125. at 6–9.

### i. Relevance

Plant Site argues that Mr. Ross's opinions should be excluded because even if PSL was obligated to ensure that Full Throttle had cargo insurance, the amount of coverage was limited to $300,000. Dkt. 125 at 6–8. Therefore, any loss in excess of $300,000 based on damage to the crane would not be covered. MYR responds that the value of the damaged equipment is "not just relevant, but necessary to demonstrate to the jury the total amount of" its damages. Dkt. 136 at 1–2.

MYR has the burden of establishing its damages, so the value of the damaged equipment before and after the accident has probative value. Therefore, absent a stipulation by the parties that the crane sustained damage

3

of at least $300,000 in the accident, Mr. Ross's testimony will aid the jury in calculating MYR's damages.[2]

### ii. Sufficiency of MYR's disclosure regarding Mr. Ross

PSL next contends that MYR's disclosure of Mr. Ross's testimony is insufficient under Federal Rule of Civil Procedure 26(a). *Patterson v. Baker*, 990 F.3d 1082, 1085–86 (7th Cir. 2021). For witnesses "retained or specially employed to provide expert testimony in the case," the expert disclosure "must be accompanied by a written report—prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). The rule sets forth in detail what the expert's report "must contain." Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi). *See Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734 (7th Cir. 2013). For witnesses other than those "retained or specially employed to provide expert testimony in the case," the less stringent standard of Rule 26(a)(2)(C) applies to pretrial disclosure of expert opinion testimony. *Higgins v. Koch Development Corp.*, 794 F.3d 697, 704 (7th Cir. 2015).

Here, MYR's disclosure contained the following information about Mr. Ross's testimony:

> Mr. Ross to give testimony concerning the value of the equipment at the time of the accident. The equipment was a total loss. Mr. Ross believes that the equipment had a value of approximately $618,000 at the time of the accident. Such equipment was approximately one year old and had a 15-year life span.

---

[2] As discussed at the final pretrial conference, Mr. Ross's testimony may become unnecessary if the parties stipulate to the amount of insurance coverage that was required under the contract in relation to the value of the damaged equipment.

Dkt. 134-1 at 1. While this disclosure statement likely would not pass muster under Rule 26(a)(2)(B), Mr. Ross's testimony is not subject to that standard. Mr. Ross is testifying in his dual capacity as a fact witness—he is affiliated with the company that leased the crane to MYR and inspected the crane before and after the accident—and as an expert witness—testimony regarding his specialized training and experience in valuation of this particular type of crane. Because Mr. Ross will be testifying as a "hybrid" witness, the disclosure of his testimony is not subject to the requirements of Rule 26(a)(2)(B). *Cf. Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 849 F.3d 355, 370–71 (7th Cir. 2017) (concluding that the plaintiff "was not required to produce" written expert reports in compliance with Rule 26(a)(2)(B) "for its hybrid witnesses").[3]

Because Mr. Ross is a hybrid witness providing both fact and expert testimony, MYR's expert disclosure is subject to the less stringent requirements of Rule 26(a)(2)(C). Rule 26(a)(2)(C) requires that the expert disclosure include the subject matter of the proposed expert's testimony and a summary of the facts or opinions to which he will testify. Plant Site has not argued that MYR's disclosure regarding Mr. Ross's testimony fails to meet these requirements. *See* dkt. 134-1.

### iii. Mr. Ross's qualifications to serve as an expert

---

[3] *See also* Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment subdiv. (a)(2) ("The requirement of a written report in paragraph (2)(B) . . . applies only to those experts who are retained or specially employed to provide [expert] testimony . . . or whose duties as an employee of a party regularly involve the giving of such testimony.").

Plant Site next seeks to exclude Mr. Ross's testimony on the basis that he "is not an independent and disinterested witness." Dkt. 125 at 8–9. But Plant Site cites no authority in support of this argument, and the fact that an expert witness has an interest in the outcome of litigation is not a basis for disqualification. *See Braun v. Lorillard Inc.*, 84 F.3d 230, 237–38 (7th Cir. 1996) (allowing CEO of defendant company to testify as its own expert and explaining "[w]e have had a case in which the plaintiff was his own expert witness. We pointed out that there was no impropriety in this; he was qualified to give an expert opinion on the matters in the suit.") (citing *Tagatz v. Marquette Univ.*, 861 F.2d 1040, 1042 (7th Cir. 1988)).

Plant Site does not challenge the remainder of Mr. Ross's qualifications to serve as an expert in this case.

*   *   *

Plant Site makes no meritorious argument for excluding Mr. Ross's expert testimony, so its motion in limine #12 is **denied.**

### B. Plant Site's Objection to MYR's Expert Report

Plant Site objects to the introduction of Mr. Ross's written expert report at trial on three grounds: first, that the report does not comply with Federal Rule of Civil Procedure 26(a)(2); second, that the written report is inadmissible hearsay; and third, that the opinions in the report are mere unsupported conclusions and are thus inadmissible *ipse dixit*. Dkt. 134 at 2–4.

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to

6

prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "Hearsay evidence is generally inadmissible unless an exception applies." *United States v. Wehrle*, 985 F.3d 549, 555 (7th Cir. 2021).

Here, Mr. Ross's report is a written statement that Mr. Ross prepared outside of court, and MYR's purpose for offering it into evidence is to prove the truth of the matter contained within the report—the value of the damaged equipment. MYR has not identified an applicable hearsay exception or argued that the report has any non-hearsay purpose. Therefore, the report is inadmissible at trial.[4] *Cf. Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 522 (7th Cir. 2019) (finding no abuse of discretion where district court excluded expert reports as inadmissible hearsay); *Dean v. Wexford Health Sources, Inc.*, 18 F.th 214, 232–33 (7th Cir. 2021) (finding that district court abused its discretion in admitting expert report that had no non-hearsay purpose).

### III.
### CONCLUSION

The motions in limine are **GRANTED in part** and **DENIED in part** in accordance with this order. Dkt. [125]; dkt. [134]. As with all orders in limine, this order is preliminary and "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984). No party shall reference or attempt to

---

[4] The Court understands that MYR proposes to offer Mr. Ross's report at trial as a substitute, rather than in addition to, Mr. Ross's in-court testimony. For efficiency, Plant Site could stipulate to the admissibility of the report. Or Mr. Ross can appear in person and testify. Either way, the information that MYR seeks to introduce—the value of the crane before and after the accident—will be admissible at trial.

7

elicit evidence that has been provisionally excluded by this order without first seeking permission from the Court outside the presence of the jury. Each party **SHALL ENSURE** its witnesses' compliance with this order.

**SO ORDERED.**

Date: 1/14/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Thomas Barlow Blackwell
BLACKWELL, BURKE & RAMSEY, P.C.
tblackwell@bbrlawpc.com

Jessica N. Hamilton
KOPKA PINKUS DOLIN PC (Carmel)
jnhamilton@kopkalaw.com

Travis W. Montgomery
KOPKA PINKUS DOLIN PC (Carmel)
attorneytravis@att.net

Leslie B. Pollie
KOPKA PINKUS DOLIN PC
lbpollie@kopkalaw.com