UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MYR EQUIPMENT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-00463-JPH-DLP |
| | ) |
| PLANT SITE LOGISTICS, INC., | ) |
| AM TRANS, INC., | ) |
| FULL THROTTLE TRANSPORT, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On February 13, 2017, MYR Equipment, LLC, filed a complaint against Defendants, Plant Site Logistics, Inc., Am Trans, Inc., and Full Throttle Transport, LLC, seeking damages for breach of contract related to the negligent handling of a heavy piece of construction equipment, resulting in the destruction of the equipment. Dkt. 1. Am Trans and Full Throttle have not responded or defended this case. On July 28, 2017, the clerk entered default against both companies. Dkt. 35; dkt. 36. Plaintiffs have since resolved the case with respect to Plant Site Logistics, dkt. 142, and have moved for default judgment against Am Trans and Full Throttle for an award of damages and prejudgment interest, dkt. 143. For the reasons below, MYR's motion for default judgment is **GRANTED in part and DENIED in part**. Dkt. [143].

   **A. Liability**

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading*

1

*Co.*, 811 F.3d 247, 255 (7th Cir. 2016).  First, the plaintiff must obtain an entry of default from the Clerk.  Fed. R. Civ. P. 55(a).  Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true.  *VLM Food*, 811 F.3d at 255.  Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment.  Fed. R. Civ. P. 55(b).

Here, an entry of default was issued against Am Trans and Full Throttle, dkts. 35, 36, and MYR seeks default judgment, dkt. 143.  Therefore, the allegations in the complaint, when taken as true, establish liability.  *See* Fed. R. Civ. P. 55(b).

**B. Damages**

While the Court must accept as true allegations relating to liability, damages must be proven to a "reasonable certainty."  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).  The Court has discretion whether or not to hold a damages hearing.  *Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014).  A hearing is required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *e360 Insight*, 500 F.3d at 602.

District courts have "broad latitude in quantifying damages."  *Domanus*, 742 F.3d at 303 ("We will not disturb a damages award accompanying a default judgment unless it is plainly excessive.").  "[E]ven speculation has its place in estimating damages," *id.* (quoting *BCS Servs., Inc. v. Heartwood 88, LLC*, 637 F.3d 750, 759 (7th Cir. 2011)), but "[a]s in any damages calculation, the

amount sought must 'naturally flow from the injuries pleaded,'" *id.* (quoting *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012)).

Here, MYR requests default judgment in the amount of $427,000. Dkt. 143 at 2. MYR supports its motion for default judgment with an affidavit from Fred Ross, who has thirty-five years of experience in "the sales of new and used commercial trucks and equipment including, the disposal of damaged equipment." Dkt. 143-1. His qualifications and experience have not been challenged by the defaulted parties, and the Court has considered Mr. Ross's qualifications in ruling on a separate motion. *See* dkt. 139 at 5–6. Mr. Ross states that "[w]ithin the past year [he] has been involved in the appraisal, evaluation and settlement of three (3) claims involving damaged" equipment similar to the equipment at issue in this case. Dkt. 143-1 at 1. He further states:

> Based on my experience with the type of equipment involved, my analysis of the damage sustained by the vehicle and my knowledge of the value of similar equipment and salvage value of such equipment following damage, it is my expert opinion, to a reasonable degree of certainty, that the value of the [damaged equipment in this case] was Six Hundred Fifteen Thousand Dollars ($615,000.00) immediately before it was damaged, and following the catastrophic damage to such vehicle it had a salvage value of Thirty-Eight Thousand Dollars ($38,000.00).

*Id.*

To arrive at its damages calculation of $427,000, MYR took Mr. Ross's pre-damage valuation of $615,000 and subtracted its post-damage valuation of $38,000, for a total reduction in value of $577,000. *Id.* The Plaintiffs further

3

reduced that figure by $150,000 to account for a payment from an unrelated party. *Id.*

Mr. Ross's methodology of valuing the damaged equipment—referencing appraisals of similar damaged equipment as a comparison point—is a "reasonable way to value the [equipment] in the circumstances" of this case. *Domanus*, 742 F.3d at 304. Furthermore, MYR has established that the defaulted parties are liable for the destruction of a "2015 Peterbilt Boom Crane," a heavy piece of construction equipment that was less than a year old at the time it was destroyed. Dkt. 1 at 3, ¶ 11–13; *Wehrs*, 688 F.3d at 892 ("Upon default, the well-plead allegations of the complaint relating to liability are taken as true . . . ."). The Court finds that "the amount sought" by MYR, $427,000, "naturally flow[s] from the injuries pleaded." *Domanus*, 742 F.3d at 303.

Finally, AM Trans and Full Throttle have not appeared in this case, and therefore, have not "put forth an alternative damages theory of their own." *Id.* at 304. Their conduct, or lack thereof, during the course of this litigation provides no indication that holding a damages hearing would yield any evidence not already before the Court. Therefore, the Court declines to hold a hearing on damages in this case.

### C. Prejudgment Interest

In addition to damages, MYR seeks an award of "prejudgment interest at the statutory rate in the State of Indiana." Dkt. 143 at 3. Under Indiana law, there are multiple statutes under which a party can request a prejudgment

interest award.  *See* Ind. Code § 24-4.6-1-101 to 103; § 34-51-4-1 to 9.  MYR cites no authority in support of its request for prejudgment interest, nor does it identify a date that the prejudgment interest period accrued or provide the Court with a recommended interest rate and an explanation of why that rate is proper under the circumstances.  Furthermore, both statutes require that certain prerequisites are met before an interest award is proper.  For example, under the Tort Prejudgment Interest Statute, MYR must make a written settlement offer to Am Trans and Full Throttle within one year of filing suit. Ind. Code § 34-51-4-6.  MYR has not shown that they complied with this, or any other potentially applicable statutory requirement.

Therefore, the Court declines to award prejudgment interest.  *Cf. Inman*, 981 N.E.2d 1202, 1208 (Ind. 2012) ("Here, the trial court's order denying Inman's request for prejudgment interest stated only: 'Request for interest denied,' and did not articulate a basis for the decision.  We find no basis to conclude that the trial court abused its discretion.").

## Conclusion

MYR's motion for default judgment in the amount of $427,000 is **GRANTED**.  Dkt [143].  MYR's request for prejudgment interest is **DENIED.** Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 3/29/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Thomas Barlow Blackwell
BLACKWELL, BURKE & RAMSEY, P.C.
tblackwell@bbrlawpc.com

Jessica N. Hamilton
KOPKA PINKUS DOLIN PC (Carmel)
jnhamilton@kopkalaw.com

Travis W. Montgomery
KOPKA PINKUS DOLIN PC (Carmel)
attorneytravis@att.net

Leslie B. Pollie
KOPKA PINKUS DOLIN PC
lbpollie@kopkalaw.com